# **Exhibit E**

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

| In re Ex Parte Application of ABRAAJ Investment Management Limited | ) |  |
|---|---|---|
| *Plaintiff* | ) |  |
| v. | ) | Civil Action No. |
|  | ) |  |
|  | ) |  |
| *Defendant* | ) |  |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: Citibank, N.A.
388 Greenwich Street, New York, NY 10013

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place: Klestadt Winters Jureller Southard & Stevens LLP 200 West 41st Street, 17th Floor, New York NY 10036 | Date and Time: 6/30/2020 |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

*CLERK OF COURT*

OR

_____          _____
*Signature of Clerk or Deputy Clerk*                          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* The Joint Official Liquidators of ABRAAJ Investment Management, who issues or requests this subpoena, are:
John E. Jureller Jr., Klestadt Winters Jureller Southard & Stevens LLP, 200 West 41st Street, 17th Floor, Ne York, NY 10036, Tel. (212) 972-3000, Email: jjureller@klestadt.com

**Notice to the person who issues or requests this subpoena**
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

*Server's signature*

*Printed name and title*

*Server's address*

Additional information regarding attempted service, etc.:

Print     Save As...     Add Attachment     Reset

Case 1:20-mc-00229-VSB   Document 5-5   Filed 06/12/20   Page 4 of 16

AO 88B  (Rev.  12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**Exhibit A**

**RIDER TO SUBPOENA TO
CITIBANK, N.A.**

Pursuant to the Order of the United States District Court for the Southern District of New York, dated [      ], 2020, David Soden of Deloitte LLP and Stuart Sybersma of Deloitte & Touche, acting as the Joint Official Liquidators ("JOLs") of ABRAAJ Investment Management Limited (In Official Liquidation) ("AIML"), hereby serve this subpoena on Citibank, N.A. pursuant to 28 U.S.C. §1782(a) and Fed. R. Civ. P. 45.  Please produce the following documents, as set forth in the Requests for Production (the "Requests") in accordance with the definitions and instructions set forth herein.

**DEFINITIONS**

a.  **Standard Definitions**

    A.    The uniform definitions and rules of construction set forth in Rule 26.3 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York are incorporated fully herein.

    B.    The term "Document" shall mean all Electronically Stored Information, data, images, and system information (e.g., logs or "metadata" created by a computer system detailing and tracking events on the system, including changes to documents), and the original and any non-identical copy of the original, of any recorded, written, printed, typed or other graphic material of any kind, variety, type, or character, wherever located, including by way of example but not limited to, the following: books, records, contracts, agreements, promissory notes, invoices, orders, loan agreements, bills, e-mails, installment contracts, mortgages, deeds of trust, security agreements, certificates of title, handwritten notes, financing statements, instruments, expense accounts, canceled checks, bank statements, bank books, receipt and disbursement journals, tax returns, financial statements, check stubs, resumes, medical records, address books, appointment books,

1

telephone logs, worksheets, pictures, income statements, profit and loss statements, deposit slips, credit card receipts, records and notations of telephone or personal conversations, conferences, inter-office communications, letters, telexes, partnership agreements, articles of incorporation, catalogue price lists, sound, tape and video recordings, memoranda (including written memoranda of telephone activities), minutes, manuals, diaries, calendars or desk pads, scrapbooks, notebooks, correspondence, bulletins, circulars, policies, forms, pamphlets, notices, statements, journals, postcards, letters, telegrams, reports, interoffice communications, photostats, microfilm, microfiche, maps, deposition transcripts, pleadings, orders, drawings, blueprints, photographs, negatives, and other data, information, or statistics contained within any data storage modules, tapes, discs, or any other memory devices (including IBM or similar cards for information, data and programs), or any other information retrievable on storage systems (including computer generated reports and printouts).

      C.      The term "Communication" shall mean a transmittal of information by any means.

      D.      The term "identify" shall have the following meaning when used in the following contexts:

      i.      When used in connection with a natural person, please state his or her: (i) full name; (ii) present or last known address (including street name and number, city and state); (iii) present or last known business address; (iv) present position, business affiliation, and job description and, if unknown, so state and set forth the corresponding last known such information; and (v) position, business affiliation, and job description at the time in question, with respect to the request involved.

      ii.      When used in connection with a corporation, partnership, association, joint venture, firm, or other business enterprise or legal entity, please state in the answer in each instance (i) the full name and address and (ii) the identity of all persons who acted or were authorized to act on its behalf in connection with the matter referred to.

      iii.      When used in connection with a Document that is being produced in response to the accompanying subpoena, state the Document's bates number or range of bates numbers. When used in connection with a Document that has not been produced please state in the answer in each instance: (i) whether or not such Document is known to be in existence at the time of the answer; (ii) the date of the Document; (iii) the type of Document (e.g. letter, memorandum, computer printout, estimate, etc.); (iv) the identity of

the author(s), addressee(s), and any other person to whom the Document was shown or distributed; (v) any filing or identifying number; and (vi) the present or last known location and/or custodian thereof. If any requested Document was, but is no longer in your possession or subject to your control, please identify the Document, state what disposition was made of it, and identify each person who has had possession or control of the Document.

    iv. When used in connection with a communication that has been produced in response to the subpoena, state the communication's bates number or range of bates numbers. When used in connection with a communication that is not being produced, state in the answer in each instance: (i) the identity of each person communicating; (ii) the identity of the recipient(s) and intended recipient(s) of the communications; (iii) the identity of each person presently or otherwise aware of the substance of the communication; (iv) the date and the place where the communication was made; and (v) the identity of any Document that embodies, includes, reflects, concerns, relates to, or is based upon the communication.

  E. The terms "related to," "relate to," "relating to," "pertaining to," "concerning" and "refer to" shall mean having any relationship or connection to, concerning, being connected to, commenting on, responding to, containing, constituting, showing, memorializing, describing, analyzing, reflecting, pertaining to, compromising, identifying, discussing, evidencing, or otherwise establishing a reasonable, logical, or causal connection.

  F. The term "thing" has the meaning prescribed in Rule 34 of the Federal Rules of Civil Procedure, and includes every type of physical specimen or tangible item other than a document.

 **b. Case-Specific Definitions**

  A. The term "You" or "Bank" shall mean Citibank, N.A.

  B. The term "Application" shall mean that certain *Ex Parte Application of Joint Official Liquidators of ABRAAJ Investment Management Limited For An Order To Conduct Discovery For Use In Foreign Proceedings Pursuant to 28 U.S.C. §1782,* dated June __, 2020.

  C. The term "Cayman Court" shall mean the Grand Court of the Cayman Islands, Financial Division.

  D. The term "Cayman Proceedings" shall mean the winding up (liquidation)

3

proceeding entitled *In the Matter of the Companies Law (2018 Revision) and in the Matter of ABRAAJ Investment Management Limited,* Cause No. FSD 111 of 2018 (RMJ) commenced in the Cayman Courts on June 15, 2018.

  E. The term "JOLs" shall mean David Soden of Deloitte LLP and Stuart Sybersma of Deloitte & Touche as Joint Official Liquidators of AIML pursuant to the Order of the Cayman Court.

  F. The term "AIML" shall mean ABRAAJ Investment Management Limited.

  G. The term "AMN" shall mean Arif Masood Naqvi, the founder and former Chief Executive Officer of the Abraaj Group (as defined in the Application) and a former director of AIML.

  H. The term "Silverline" shall mean Silverline Holdings Limited

  I. The term "Transferees" shall mean the individuals and entities set forth on **Schedule A** hereto, and as set forth more fully below:

   a. *Arif Masood Naqvi*: DOB: 78/13/60
   b. *Silverline*: Incorporated in Cayman Islands on April 6, 2010, as an exempted company limited by shares, with registration no. 239039.
   c. *AC Logistics Holdings Limited*: Incorporated in Cayman Islands on November 9, 2004, as an exempted company limited by shares, with registration no. 141483.
   d. *Abraaj Employees 2 SPC Limited*: Incorporated in Cayman Islands on November 1, 2006 as a segregated portfolio company with registration no. 176580.
   e. *Axil Private Equity Fund I L.P.*: A Cayman Islands exempted limited partnership, as an exempted company with registration no. 321602.
   f. *Ceres Agriculture Holdings Limited Cooperatief U.A.*: A cooperative incorporated under the laws of the Netherlands.
   g. *Lavender Administration Limited*: Incorporated in Cayman Islands on June 17, 2008, as an exempted company limited by shares, with registration no. 212607.
   h. *Steadfast HoldCo Limited*: Incorporated in Cayman Islands on June 19, 2013, as an exempted company limited by shares, with registration no. 278740.

      i. *LSH Limited*: A Seychelles International Business Company with IBC No. 126985, incorporated in Seychelles on June 20, 2013.

      j. *Ahsan Naqvi*: DOB 5/19/89; Address:

      k. *Faaris Naqvi*: DOB 7/20/92; Address:

      l. *Fawzia Naqvi*

      m. *Fayeeza Naqvi*: DOB 10/29/60; Address:

      n. *Ovais Naqvi*: DOB 2/22/654/19/64; Address: 2-B Wyld Way, Wembley, Middlesex HA9 6PW United Kingdom

      o. *Shahid Naqvi*: DOB 4/19/64; Address: 19 Hillview, Wimbledon, London SW20 0TA

      p. *Waqar Hassan Siddique*: DOB 4/13/57; Address: Ebrahim A A R Qasim's Villa, 332/55 Street, Jumeirah Area (Villa), Post Box 985, Dubai, United Arab Emirates.

    J.    The term "Transactions" shall mean any and all deposits, withdrawals, incoming wire transfers, outgoing wire transfers, charges, payments, purchases, returns, bank fees, checks, letters of credit, and drafts typically made between a customer of a bank (including a foreign bank) and the bank itself during the Relevant Period.

    K.    The term "Correspondent Account" shall mean all *vostro* accounts (i.e., account(s) held by a correspondent bank on behalf of another bank) maintained or held by the Bank.

    L.    The term "Relevant Period" shall mean the period from January 1, 2009 through June 18, 2018.

## INSTRUCTIONS

    1.    These requests for the production of documents and things require the Bank to produce all responsive documents and things in its possession, custody, or control, without regard to the physical location of such documents and things. The Bank has the duty to search for responsive documents and things in all media sources in its possession, custody, or control where paper or electronic files are kept or stored, including floppy disks, hard drives on or for personal computers, computer servers, mainframe storage tapes or disks, archive facilities and backup

facilities. The Bank has the duty to ensure that no response documents or things are destroyed, deleted, or otherwise disposed of.

2. In connection with any objection or request for relief with respect to the document requests herein, the Bank shall (i) simultaneously file a copy of the document request or answer, and (ii) specify and quote verbatim each relevant document request or answer, and immediately following each specification set forth the basis of the objection or relief requested. Any such objection or request for relief shall state all grounds with specificity. Any ground not stated in such objection or request for relief within the time provided by the Federal or Local Bankruptcy Rules shall be waived.

3. If any responsive documents or parts of document have been destroyed, deleted, or otherwise disposed of, a list shall be provided setting forth as to each such document the following information to the extent known: (i) the type of document; (ii) the general subject matter of the document; (iii) the date of the document; (iv) the author of the document; (v) the recipients of the document; (vi) the date on which the document was destroyed, deleted, or otherwise disposed of; (vii) the person or program that destroyed, deleted, or otherwise disposed of the document; and (viii) the reason that the document was destroyed, deleted or otherwise disposed of.

4. If a claim of privilege is asserted with respect to any of the requests herein, and any responsive documents or portions of responsive documents are withheld on such basis, the Bank's written objection to such request shall identify the nature of the privilege being claimed and, if the privilege is being asserted in connection with a claim or defense governed by state law, the state's privilege rule being invoked, and the Bank shall provide, at the time of the response to this Request, a list setting forth as to each document or portion of document withheld, the following information: (i) the type of document; (ii) the general subject matter of the document; (iii) the date of the document; (iv) the author of the document; (v) the recipients of the document; (vi) where not

apparent, the relationship of the author of the document to the recipients of the document; and (vii) the privilege claimed as to the document.

**DOCUMENTS REQUESTED**

1. Any and all Documents and Communications relating to or concerning Transactions by or on behalf of the Transferees that were processed through or otherwise involved Correspondent Accounts with the Bank, including, but not limited to:

   (a) copies of all SWIFT Message Types (MT) 100's, 200's, 900's relating to the Transactions;

   (b) any Documents or Communications concerning the (i) amount of each Transaction; (ii) the date of the Transaction; (iii) the originating account(s) of each Transaction; (iv) beneficial owner(s) of the originating account(s); (v) identity of any intermediary bank(s); (vi) receiving account(s) of each Transaction; (viii) beneficial owner(s) of the receiving account(s); (viii) stated purpose or reason for each Transaction and any other details relating thereto; (ix) special instructions relating to the Transaction; (x) notify party for the Transaction, if any; and (xi) any other details of the Transaction.

   (c) Any contracts, agreements or invoices relating to, supporting or purporting to justify the Transactions;

   (d) Any Documents or Communications pertaining to or concerning the identity of the individuals or entities that approved and/or authorized the Transactions; and

   (e) Any Documents or Communications relating to or concerning divergent, errant or otherwise suspicious Transactions involving the Transferees during the Relevant Period.

2. Any and all Documents and Communications relating to or concerning Transactions involving the bank accounts set forth on **Schedule B** that were processed through or otherwise involved Correspondent Accounts with the Bank; including, but not limited to:

(a) copies of all SWIFT Message Types (MT) 100's, 200's, 900's relating to the Transactions;

(b) any Documents or Communications concerning the (i) amount of each Transaction; (ii) the date of the Transaction; (iii) the originating account(s) of each Transaction; (iv) beneficial owner(s) of the originating account(s); (v) identity of any intermediary bank(s); (vi) receiving account(s) of each Transaction; (viii) beneficial owner(s) of the receiving account(s); (viii) stated purpose or reason for each Transaction and any other details relating thereto; (ix) special instructions relating to the Transaction; (x) notify party for the Transaction, if any; and (xi) any other details of the Transaction.

(c) Any contracts, agreements or invoices relating to, supporting or purporting to justify the Transactions;

(d) Any Documents or Communications pertaining to or concerning the identity of the individuals or entities that approved and/or authorized the Transactions; and

(e) Any Documents or Communications relating to or concerning divergent, errant or otherwise suspicious Transactions involving the Transferees during the Relevant Period.

**SCHEDULE A**

**(TRANSFEREES)**

| |
|---|
| Arif Naqvi a/k/a Asif Masood Naqvi |
| Silverline Holdings Limited |
| AC Logistics Holdings Limited |
| ABRAAJ Employees 2 SPC Limited |
| Axil Private Equity Fund I L.P. |
| Ceres Agriculture Holdings Limited Cooperatief U.A. |
| Lavender Administration Limited |
| Steadfast HoldCo Limited |
| LSH Limited |
| Ahsan Naqvi |
| Faaris Naqvi |
| Fawzia Naqvi |
| Fayeeza Naqvi |
| Ovais Naqvi |
| Shahid Naqvi |
| Waqar Hassan Siddique |

**SCHEDULE B**

**(IDENTIFIED BANK ACCOUNTS)**

| Account Name | Bank | Account No. | IBAN No. | Currency |
|---|---|---|---|---|
| Arif Masood Naqvi | ABN Amro | 000.02.27.52.366 | | USD |
| Arif Masood Naqvi | ABN Amro | 000.02.27.50.517 | | AED |
| Arif Naqvi | Deutsche Bank (Suisse) SA | 2006458822601 | CH7908659200645882601 | GBP |
| Arif Naqvi | Standard Chartered | 1314918801 | | AED |
| LSH Limited | Deutsche Bank (Suisse) SA | | CH2908659202645082601 | GBP |
| AC Logistics Holdings | RBS | AED-000022728085 | | AED |
| AC Logistics Holdings | RBS | USD-000022728058 | | USD |
| Lavender Administration | Barclays | 03325040 | | GBP |
| Lavender Administration | Mashreqbank | | AE390330000019000027034 | GBP |
| Lavender Administration | Barclays | 53655296 | GB13BARC20473553655296 | GBP |
| Lavender Administration | Barclays | 63677249 | | GBP |
| Lavender Administration | Credit Suisse | 1604752-02-5 | CH1908659202393082601 | GBP |
| Lavender Administration | Credit Suisse | 1604752-02-4 | CH1404835160475202004 | USD |
| Lavender Administration | Credit Suisse | 1604752-02-3 | CH4104835160475202003 | EUR |
| Lavender Administration | Credit Suisse | 1604752-02-2 | CH2504835160475202000 | USD |
| Lavender Administration | Mashreqbank | 19000027033.00 | AE660330000019000027033 | AED |
| Lavender Administration | ABN Amro | 22815066 (Sort Code) | | |
| Silverline | RBS | | | USD |
| Silverline | CBD | 2001620711 | AE520230000002001620711 | USD |
| Silverline | RBS | 000.21.28.52.034 | | EUR |
| Silverline | CBD | 2001620703 | | AED |
| Silverline | RBS | 000.02.28.44.759 | | AED |
| Silverline | RBS | 000.02.28.44.767 | | USD |
| Steadfast HoldCo Limited | ABN Amro Bank NV UAE | 6030586/001.000.826 | | GBP |

11

| Steadfast HoldCo Limited | ABN Amro Bank NV UAE | 6030586/001.000.840 | | USD |