USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/26/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
:
*In re Application of Abraaj Investment* :
*Management Limited for an Ex Parte Order to* :    20-mc-229 (VSB)
*Conduct Discovery for Use in Foreign* :
*Proceedings Pursuant to 28 U.S.C. 1782* :    **ORDER**
:
-----------------------------------------------------------X

VERNON S. BRODERICK, United States District Judge:

Applicants David Soden and Stuart Sybersma ("Applicants"), acting as liquidators of ABRAAJ Investment Management Limited, filed this application seeking discovery in aid of a foreign proceeding pursuant to 28 U.S.C. § 1782. Specifically, they seek an order granting them the authority to subpoena records from eighteen banks (collectively, "Respondents") that they intend to use in support of litigation in the Cayman Islands in which they have already or intend to allege fraudulent transfer claims. (Doc. 7, at 7.)

When reviewing an application for discovery related to a foreign proceeding under 28 U.S.C. §1782, I must first determine whether I have the authority to grant the request, which requires, among other things, that "the person from whom discovery is sought resides (or is found) in the district of the district court to which the application is made." *Mees v. Buiter*, 793 F.3d 291, 297 (2d Cir. 2015) (quoting *Brandi-Dohrn v. IKB Deutsche Industriebank AG*, 673 F.3d 76, 80 (2d Cir. 2012)). "[T]he statutory scope of 'found' extends to the limits of personal jurisdiction consistent with due process." *In re del Valle Ruiz*, 939 F.3d 520, 527 (2d Cir. 2019).

Here, the Applicants provide bullet-pointed assertions as to why each of the eighteen Respondents are "found" in this district, and all the bullet points are accompanied by footnotes containing URLs purporting to support these assertions. (Doc. 7, at 19–21). But many of the URLs either do not work, redirect to other pages, or require some editing to have them resolve to

the webpages the Applicants seem to have intended.  The Applicants also do not provide analysis as to how the information available at the URLs demonstrates that the Respondents are "found" in this district.  For each of the eighteen Respondents, Applicants argue that they are either "headquartered and/or maintain[] principal place[s] of business in New York," or that the Respondent has "systematic and continuous activities in the Southern District."  (*Id.*)  I take Applicant's arguments to be attempts at demonstrating that there is general personal jurisdiction over each Respondent in New York.  Therefore, I endeavor to determine whether Applicants have in fact established that there is general personal jurisdiction over the Respondents.  *See Brown v. Lockheed Martin Corp.*, 814 F.3d 619, 624 (2d Cir. 2016).

"[O]nly a limited set of affiliations with a forum will render a defendant amenable to" general jurisdiction, also called "all-purpose jurisdiction[,] there."  *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014).  For a corporation, general jurisdiction is typically available only in the forum in which it is incorporated as well as the forum in which its principal place of business is located.  *See Gucci Am., Inc. v. Li*, 768 F.3d 122, 135 (2d Cir. 2014) (citing *Daimler*, 571 U.S. at 139 & n.19).  The fact that a corporation does business in a state, even "substantial, continuous, and systematic" business, is not necessarily enough to subject the corporation to general jurisdiction in the state.  *See Daimler*, 571 U.S. at 137–38.  Rather, the corporation's affiliations with the forum must be "so continuous and systematic as to render it essentially at home in the forum State."  *Id.* at 139 (internal quotation and alteration marks omitted).  Only in an "exceptional case" does a corporation have "operations in a forum other than its formal place of incorporation or principal place of business" that are "so substantial and of such a nature as to render the corporation at home in that State."  *Id.* at 139 n.19; *Brown*, 814 F.3d at 627 ("in our view *Daimler* established that, except in a truly 'exceptional' case, a corporate defendant may be

treated as 'essentially at home' only where it is incorporated or maintains its principal place of business").

Unfortunately, the materials Applicants provided me do not allow me to conclude which if any Respondents are subject to general jurisdiction in New York. The arguments about "systematic and continuous activities" are legally insufficient under contemporary standards for establishing general jurisdiction. *See Daimler*, 571 U.S. at 137–38. Moreover, even had Applicants cited the correct standard, they do not place sufficient facts before me to allow me to find that there is general jurisdiction over Respondents in this district.

In addition, many of the URLs Applicants provide to support their positions either no longer work, do not actually show a Respondent is "at home" in this district within the meaning of current law, or contradict Applicants' positions. For example, Applicant states that Citibank, N.A. has its principal place of business in New York, but the accompanying URL goes to an SEC filing for Citibank's parent corporation and does not mention where Citibank itself is "found." Another bullet claims that HSBC Bank USA, N.A. has principal place of business in New York, but again links to an SEC filing for a separate entity. For an entity Applicants name as "UBS AG, New York Branch," the accompanying URL states that the entity is incorporated in Delaware and maintains its primary business address in Illinois.

Accordingly, this application is DENIED without prejudice.[1] Applicants may renew the application with respect to any Respondents by filing, within 21 days of this order, papers that make it more readily possible for me to assess whether Respondents are "found" within this district such that general jurisdiction exists. In particular, Applicants are directed not to include

---

[1] Because I cannot determine if I have jurisdiction, I have not reviewed Applicants' filings for any deficiencies they may contain.

URLs without explaining what information found at the URL supports their position. Additionally, if Applicants include URLs in any subsequent filings, they are strongly encouraged to ensure that their filings are formatted so that any webpages they cite are accessible in their intended forms.

SO ORDERED.

Dated: August 26, 2021
      New York, New York

*Vernon Broderick*
Vernon S. Broderick
United States District Judge