UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

In re Application of

ABRAAJ INVESTMENT MANAGEMENT LIMITED

No. 1:20-mc-00229 VSB

## PROTECTIVE AGREEMENT

**IT IS HEREBY STIPULATED AND AGREED** between the Joint Official Liquidators of ABRAAJ Investment Management Limited (the "Petitioner") and Wells Fargo Bank, N.A. (the "Bank") (the Petitioner and the Bank as the "Parties", each a "Party"), by and through their respective undersigned counsel, as follows:

1. By Order dated March 29, 2023, the United States District Court for the Southern District of New York (the "District Court") entered its Order and Opinion (the "Order"), which, *inter alia*, granted the Petitioner's *ex parte* Application[1] pursuant to 28 U.S.C. §1782 and authorized the Petitioner to serve subpoenas, substantially in the form attached to the Application, upon the Bank.

2. This Protective Agreement (the "Agreement") shall apply to information – whether in documents, testimony, or any other form ("Discovery Material") – that is designated by a Party as "Confidential" pursuant to the terms of this Agreement.

3. The Parties may designate as "Confidential" only such portion of such material that contain non-public business, commercial, financial, or personal information, the public

---

[1] All capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Application or the Order.

1

disclosure of which is either restricted by law or could, in the good faith opinion of the producing party, adversely affect a person's privacy obligations or policies, business, commercial, financial, or personal interests, or which the parties are required to maintain as confidential under applicable common law, rules or regulations controlling such production.

4. With respect to the "Confidential" portion of the Discovery Material, the Parties may designate such portion as "Confidential" by stamping or otherwise clearly marking as "Confidential" the document or protected portion of the document in a manner that will not interfere with the legibility or audibility.

5. Any Party who either objects to any designation of confidentiality, or who, by contrast, requests still further limits on disclosure (such as "attorneys' eyes only" in extraordinary circumstances), may at any time serve upon counsel for the other Party a written notice stating with particularity the grounds of the objection or request. If agreement cannot be reached promptly, counsel for the requesting Party will seek to convene a joint telephone call with the District Court to obtain a ruling.

6. Any Discovery Material that otherwise meets the requirements of Paragraph "2" herein and was inadvertently produced without a "Confidential" designation may be designated as Confidential by informing the other parties in writing that the Discovery Material should be treated as Confidential hereunder. Within 7 days after providing such notice, the party making the designation must produce a replacement copy of the affected Discovery Material bearing the "Confidential" marking that conforms to the requirements of Paragraph "3" herein. The producing party retains the burden of establishing the privileged or protected nature of any inadvertently disclosed Confidential Discovery Material.

7.  Except upon written agreement of the Parties or an order of the District Court or Cayman Court (as defined herein) to the contrary, the Confidential Discovery Materials subject to this Agreement shall only be used in connection with the liquidation proceeding ("Cayman Proceeding") of ABRAAJ Investment Management Limited (in Official Liquidation) FSD Cause 111 of 2018 (NSJ) pending in the Grand Court of the Cayman Islands ("Cayman Court"), any other litigation proceeding or arbitration proceeding relating to or arising from the Cayman Proceeding, initiated (or defended) – with permission of the Cayman Court – in any jurisdiction in the name of Petitioner or the Joint Official Liquidators of Petitioner ("Other Permitted Litigation"), or the above-captioned action (together with the Cayman Proceeding and Other Permitted Litigation collectively referred to herein as the "Action") or as otherwise agreed by the parties, as well as in additional actions that may be commenced by Petitioner in any other jurisdiction or other proceeding for the sole purpose of enforcing any order or judgment rendered in the Action.

8.  Without limiting the foregoing, the Confidential Discovery Material may be used in connection with discovery proceedings, investigations, and as evidence in any application, motion, hearing, trial or other proceeding in the Action and any related action brought by Petitioner to enforce or defend any order or judgment rendered in the Action.

9.  Once Confidential Discovery Material is produced, it may be disclosed, summarized or otherwise communicated in whole or in part only to the following persons, who may make use of such information only in connection with the Action:

   a.  Counsel who represents parties in the Action, and employees and agents of such counsel assisting in the preparation or conduct thereof for use in accordance with this Agreement;

   b.  The parties to the Action;

      c.      Experts or consultants assisting counsel for those parties, pursuant to Paragraph 10 of this Agreement;

      d.      Potential or anticipated witnesses and their counsel, pursuant to Paragraph 10 of this Agreement;

      e.      The Courts (and its personnel) in the Action;

      f.      Court reporters employed in connection with the Action; and

      g.      Any person that may be examined as a witness at trial in the Action concerning any Confidential Discovery Material.

10. Before counsel may show or disclose Confidential Discovery Material to any witness, expert, or consultant, except at trial, that witness, expert, or consultant shall be provided a copy of this Agreement. Any disclosure of Confidential Discovery Material to witnesses, experts and/or consultants must be necessary, in the opinion of counsel, for the preparation for or conduct of the Action.

11. Except upon written agreement of the Parties, Confidential Discovery Material shall not be used or disclosed for any purpose that is not related to the Action or any other related action brought to enforce the judgment rendered in the Action.

12. Each person who has access to Confidential Discovery Material shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such Discovery Material.

13. The inadvertent disclosure by any Party of any information subject to the claim of attorney-client privilege, attorney work-product or similar ground on which disclosure of such information should not have been made, shall not be construed as a waiver of such claim. Neither shall this Agreement be construed as requiring any Party to commit any act that would violate any domestic, federal, state or local law, or any law of an applicable foreign jurisdiction. The inadvertent disclosure in violation of such law shall not be considered as a waiver thereof.

14. The Parties further recognize that the obligations embodied herein shall not apply to information already in the public domain, or information already known to counsel of the Petitioner or Petitioner, consultants or experts, or information obtained from a third party not under any obligation of confidentiality to Bank regarding the information, or information produced by Bank which does not fall within the definition of "Confidential" above.

15. Any Confidential Discovery Material filed or otherwise submitted in any court proceeding related to this Action shall be filed in compliance with the receiving court's redaction or omission requirements regarding confidential personal information, but in any event, the filing Party shall take all reasonable actions to ensure, to the extent possible and subject to the applicable court's rules, that unredacted Confidential Discovery Material shall not be made a part of the public record.

16. To the extent that the Confidential Discovery Material produced contains electronic protections in place to prevent the manipulation of data, any breach of that protection will impact the reliability of the production.

17. The obligations under this Agreement shall survive the termination of the Action and continue to bind the Parties and such third parties to whom Confidential Discovery Material is disclosed.

18. This Agreement may be signed by counsel in counterparts with the same force and effect as if all signatures appear on one document and email or facsimile copies of signatures shall have the same force and effect as original signatures.

19. This Agreement shall be governed by, and construed and interpreted in accordance with, the laws of the State of New York. Any action or proceeding related in any way

to this Agreement shall be brought in the District Court. The Parties hereby irrevocably and unconditionally waive trial by jury in any such action or proceeding.

Dated: June 20, 2023

By: /s/John E. Jureller, Jr.
    John E. Jureller, Jr.

KLESTADT WINTERS JURLLER
SOUTHARD & STEVENS, LLP
200 West 41st Street, 17th Floor
New York, NY 10036-7203
Telephone: (212) 972-3000
jjureller@klestadt.com
*Counsel for Petitioner*

By: /s/ Jarman D. Russell
    Jarman D. Russell

MAYER BROWN LLP
Alex Lakatos
1999 K Street NW
Washington, DC 20009
Telephone: (202) 263-3000
alakatos@mayerbrown.com

Jarman D. Russell
1221 Avenue of the Americas
New York, NY 10020
(212) 506-2500
jrussell@mayerbrown.com
*Counsel for Non-Party Wells Fargo Bank, N.A*

SO ORDERED: 06/23/2023

_[signature]_
HON. VERNON S. BRODERICK
U.S. DISTRICT COURT JUDGE